UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

v.                                              CASE NO. 8:13-CR-415-T-17EAJ

IVAN POROSLAY.

_____/


ORDER

This cause is before the Court on:

Dkt. 30      Motion for Early Termination of Supervised Release
Dkt. 32      Response in Opposition


Defendant Ivan Poroslay, pro se, seeks early termination of supervised
release, pursuant to 18 U.S.C. Sec. 3583(e)(1).


Defendant Poroslay argues that he was a model prisoner while in custody,
has maintained full-time employment in a family business, has been 100% compliant
with the conditions of supervised release, was placed on "low risk caseload" under
the supervision of the Western District of North Carolina, is assisting and
supporting his parents, who have numerous health issues, maintains a close
relationship with family and friends, and is extremely remorseful for Defendant's
conduct.


The Government opposes Defendant Poroslay's Motion for Early Termination.
The Government notes that, in addition to a term of imprisonment, Defendant Poroslay
was ordered to serve 36 months of supervised release and to pay $323,077.38 to
Dell in restitution. The restitution is joint and several with Defendant Poroslay's
coconspirators, Fredrick Williams, Case No. 8:13-CR-428-T-26AEP, and Gregory

Case No 8:13-CR-415-T-17EAJ

Boyd, Case No. 8:13-CR-527-T-27EAJ.


The Government advises that, to date, Defendant Poroslay has made restitution payments totaling $19,557.41. Defendant's coconspirators Williams and Boyd have made restitution payments of $19,457.41 and $18,980.23, respectively. Defendant Poroslay remains personally liable to repay Dell more than $265,000, and has only repaid Defendant's victim approximately one-third of the money Defendant personally made as a result of his scheme to defraud.


The Court notes that on March 16, 2018, the U.S. Probation Office requested that the Court modify Defendant Poroslay's restitution payment from $500 to $100 monthly, until the Court is notified that there is a material change in Defendant Poroslay's ability to pay. (Dkt. 28). The Court granted the request for modification. (Dkt. 29).


Defendant Ivan Poroslay has completed more than one year of Defendant's term of supervised release. However, after considering the factors set forth in 18 U.S.C. Secs. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), I have determined that early termination of Defendant Poroslay's term of supervised release is not warranted, and is not in the interest of justice. Accordingly, it is


**ORDERED** that pro se Defendant Ivan Poroslay's Motion for Early Termination of Supervised Release (Dkt. 30) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this ~~2nd~~ day of May, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant:

Ivan Poroslay
50 Slicers Ave.
Sapphire, N.C.   28774